# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

KEVIN WAYNE G.,[1]

        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

3:18-cv-00365-BR

OPINION AND ORDER

LISA R.J. PORTER
JP Law P.C.
5200 S.W. Meadows Rd., Ste 150
Lake Oswego, OR 97035
(503) 245-6309

      Attorney for Plaintiff

BILLY J. WILLIAMS
United States Attorney
RENATA GOWIE
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1003

---

    [1] In the interest of privacy this Opinion uses only the first name and the initial of the last name of the non-governmental party. Where applicable, this Opinion uses the same designation for the nongovernmental party's immediate family member.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**ERIN F. HIGHLAND**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2495

Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Kevin Wayne G. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

## ADMINISTRATIVE HISTORY

On October 31, 2013, Plaintiff protectively filed his

2 - OPINION AND ORDER

application for DIB and SSI benefits. Tr. 18.[2] Plaintiff originally alleged a disability onset date of October 1, 2009. Tr. 18. On March 28, 2016, Plaintiff amended the disability onset date to March 1, 2014. Tr. 18, 232. Plaintiff's application was denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on April 6, 2016. Tr. 18, 36-84. Plaintiff and a vocational expert (VE) testified at the hearing. Plaintiff was represented by an attorney at the hearing.

On November 29, 2016, the ALJ issued an opinion in which she found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 30. Plaintiff requested review by the Appeals Council. On January 5, 2018, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner. Tr. 1-3. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On March 1, 2018, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.

---

[2] Citations to the official transcript of record (#10) filed by the Commissioner on July 18, 2018, are referred to as "Tr."

## BACKGROUND

Plaintiff was born on May 21, 1970.  Tr. 28.  Plaintiff was 44 years old on his amended alleged disability onset date. Plaintiff has a high-school education.  Tr. 29.  Plaintiff has past relevant work experience as a residential counselor, caseworker supervisor, and caseworker.  Tr. 28.

Plaintiff alleges disability due to schizoaffective disorder and a crippled left forearm and hand.  Tr. 89, 242.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 24-27.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when

there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than

one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so

severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R. §§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine

whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since March 1, 2014, Plaintiff's amended alleged disability onset date. Tr. 20.

At Step Two the ALJ found Plaintiff has the severe impairments of "compartment syndrome left forearm, bicuspid aortic valve without aortic stenosis." Tr. 20.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of

the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 23. The ALJ found Plaintiff has the RFC to perform sedentary work, is able to lift and/or to carry up to ten pounds occasionally and less than ten pounds frequently, to stand and/or to walk up to six hours in an eight-hour work day, and to sit approximately six hours in an eight-hour work day. The ALJ found Plaintiff cannot push or pull with his left arm; cannot climb ladders, ropes, or scaffolds; and cannot crawl. The ALJ also found Plaintiff cannot finger, handle, or feel with his left forearm, but has unlimited use of his right forearm. Tr. 23, 24, 28.

At Step Four the ALJ concluded Plaintiff is able to perform his past relevant work. Tr. 28.

In the alternative, at Step Five the ALJ found Plaintiff can perform other jobs that exist in the national economy such as parking-lot cashier, telemarketer, and semiconductor loader. Tr. 29. Accordingly, the ALJ found Plaintiff is not disabled. Tr. 30.

## DISCUSSION

Plaintiff contends the ALJ erred when she (1) failed to provide clear and convincing reasons for discounting Plaintiff's

testimony, (2) failed to provide clear and convincing evidence
for rejecting the medical opinions of Plaintiff's treating and
examining physicians, (3) failed to evaluate lay-witness
testimony properly, (4) failed to include all of Plaintiff's
impairments at Step Two, and (5) failed to incorporate all of
Plaintiff's limitations in her assessment of Plaintiff's RFC.

## I.  The ALJ did not err when she found Plaintiff's testimony was not fully credible.

Plaintiff contends the ALJ erred when she failed to provide
clear and convincing reasons for discounting Plaintiff's
testimony regarding his psychological symptoms.

### A.  Standards

The ALJ engages in a two-step analysis to determine
whether a claimant's testimony regarding subjective pain or
symptoms is credible.  "First, the ALJ must determine whether
the claimant has presented objective medical evidence of an
underlying impairment 'which could reasonably be expected to
produce the pain or other symptoms alleged.'"  *Garrison v.
Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014)(quoting *Lingenfelter
v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).  The
claimant is not required to show that his "impairment could
reasonably be expected to cause the severity of the symptom [he]
has alleged; [he] need only show that it could reasonably have

caused some degree of the symptom." *Garrison*, 759 F.3d at 1014

(quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)).

A claimant is not required to produce "objective medical

evidence of the pain or fatigue itself, or the severity

thereof." *Id*.

If the claimant satisfies the first step of this

analysis and there is not any affirmative evidence of

malingering, "the ALJ can reject the claimant's testimony about

the severity of [his] symptoms only by offering specific, clear

and convincing reasons for doing so." *Garrison*, 759 F.3d at

1014-15. *See also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880,

883 (9th Cir. 2006)("[U]nless an ALJ makes a finding of

malingering based on affirmative evidence thereof, he or she may

only find an applicant not credible by making specific findings

as to credibility and stating clear and convincing reasons for

each."). General assertions that the claimant's testimony is

not credible are insufficient. *Parra v. Astrue,* 481 F.3d 742,

750 (9th Cir. 2007). The ALJ must identify "what testimony is

not credible and what evidence undermines the claimant's

complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834

(9th Cir. 1995)).

**B.   Analysis**

Plaintiff contends the ALJ erred when she concluded Plaintiff did not suffer from post-traumatic stress syndrome (PTSD).  Plaintiff asserts his prison records support his statements that he suffered from PTSD and was receiving medications for that condition.

The ALJ, however, discounted Plaintiff's testimony regarding his symptoms on the ground that Plaintiff's testimony was "not entirely consistent with the medical evidence and other evidence in the record."  Tr. 24.  The ALJ noted prison records, which predated Plaintiff's disability onset date, reflect only two references to PTSD and screenings in July and August 2013 were negative for PTSD.  Tr. 24-25, 359.  Moreover, although Plaintiff was diagnosed with PTSD during an evaluation on March 27, 2014, related to Plaintiff's claim for veteran's benefits, the ALJ noted the Veteran's Administration records on April 24, 2014, indicate Plaintiff was "doing well" and that Plaintiff reported he was not looking for work "due to back and hand problems."  Tr. 25, 412, 422.  When Plaintiff was seen for a possible stroke at Oregon Health and Science University (OHSU) on January 29, 2015, the ALJ noted Plaintiff denied any psychological symptoms, including hallucinations or depression.

Tr. 1219. In addition, Plaintiff's caseworker reported in February 2015 that Plaintiff had "a variety of intellectual interests and remains politically active, participating in a variety of causes." Tr. 860.

On this record the Court concludes the ALJ did not err when he discounted Plaintiff's symptom testimony regarding PTSD and found Plaintiff was not fully credible because the ALJ provided clear and convincing reasons supported by substantial evidence in the record for doing so.

## II. The ALJ erred when he discounted the medical opinion of Dr. Liewi, Plaintiff's treating physician, but the ALJ did not err when he discounted the medical opinion of Dr. Sashkin, examining psychologist.

Plaintiff contends the ALJ erred when he discounted the medical opinions of Jean Liewi, M.D., Plaintiff's treating physician, and Gregg Sashkin, Ph.D., an examining psychologist with the Veteran's Administration.

### A. Standards

"In disability benefits cases . . . physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability — the claimant's ability to perform work." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). "In conjunction with the relevant regulations, [courts] have . . . developed standards that guide [the] analysis of an

ALJ's weighing of medical evidence." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008). Specifically, the court must "distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." *Garrison*, 759 F.3d at 1012. "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Id.* *See also Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014). Although the opinion of a treating physician is entitled to greater weight than that of an examining physician, the opinion of an examining physician is entitled to greater weight than that of a nonexamining physician. *Ryan,* 528 F.3d at 1198. "The weight afforded a nonexamining physician's testimony depends 'on the degree to which [he] provide[s] supporting explanations for [his] opinions.'" *Id.* (quoting 20 C.F.R. § 404.1527(d)(3)).

"If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* *See also Valentine v.*

*Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009).

Even when contradicted, a treating or examining physician's opinion is still owed deference and will often be "entitled to the greatest weight . . . even if it does not meet the test for controlling weight." *Orn v. Astrue,* 495 F.3d 625, 633 (9th Cir. 2007). An ALJ can satisfy the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick,* 157 F.3d at 725. "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citation omitted).

**B.   Analysis**

As noted, Plaintiff contends the ALJ erred when she gave limited weight to the opinions of Drs. Liewi and Sashkin, but instead relied primarily on the opinions of Neal E. Berner, M.D.; Lloyd H. Wiggins, M.D.; Bill Hennings, Ph.D.; and Joshua J. Boyd, Psy.D., state-agency consultants, who concluded Plaintiff is not disabled even though they found Plaintiff can perform less than the full range of sedentary work with limited use of his left arm. These consultants also generally opined Plaintiff, as a result of his schizoaffective disorder, has only

mild restriction of activities of daily living, no difficulties
in social functioning, and only mild difficulties maintaining
concentration, persistence, or pace.  Tr. 25.

### 1. Dr. Liewi

Dr. Liewi was Plaintiff's primary-care physician and
treated Plaintiff every three or four months beginning on
May 19, 2015.  Tr. 1231.  On March 22, 2016, Dr. Liewi diagnosed
Plaintiff with, among other things, schizoaffective disorder,
chronic migraines, and chronic nonmalignant pain.  She opined
Plaintiff would experience substantial difficulty with stamina,
pain, or fatigue if employed full-time and that chronic pain
would be a limiting factor in Plaintiff's ability to work.
Tr. 1231.  Dr. Liewi also noted Plaintiff would likely need to
work at a reduced work pace, Plaintiff could "tolerate" only
light exertion, and Plaintiff's schizoaffective disorder would
contribute to his functional limitations.  Tr. 1231-32.  She
also indicated Plaintiff could stand, walk, and sit about four
hours in a normal workday, but he would need to change positions
often due to chronic pain.  Tr. 1233.  Dr. Liewi also opined
Plaintiff would be absent from work four or more times per month
due to his migraines.  Tr. 1235.

The ALJ gave "limited weight" to Dr. Liewi's

assessment on the grounds that it was not supported by the treatment records or examination findings and did not reference left-arm limitations. Tr. 26.

As noted, the opinion of a treating physician is generally accorded great weight. *Ghanim*, 763 F.3d at 1160. To reject a contradicted medical opinion of a treating physician, the ALJ must articulate "specific, legitimate reasons" that are based on substantial evidence in the record. *Valentine*, 574 F.3d at 692. Although an ALJ may properly discount a medical opinion when it is "inconsistent with the medical records" (*Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008)), the records in this case support Dr. Liewi's assessment. For example, the records reflect Plaintiff experiences "migraine after migraine" (Tr. 415); he has increased duration of headaches lasting four to five days with increased vertigo, nausea, and vision changes (Tr. 780); his medications do not relieve his migraines, and he still experiences nausea, dizziness, photophobia, and phonophobia (Tr. 652, 897, 903); and he has severe headaches occurring two to four times a week (Tr. 842, 903). The record also reflects Plaintiff continues to experience "intermittent" sciatica pain and is unable to extend his leg despite receiving physical therapy. Tr. 652, 668. In

addition, Plaintiff consistently rates his pain at five or higher on a scale of zero to ten (Tr. 521, 668, 899, 780), which supports Dr. Liewi's assessment that Plaintiff is only occasionally capable of stooping, twisting, and crouching. Tr. 1234.

On this record the Court concludes Dr. Liewi's opinion is consistent with the medical record and the ALJ erred when she failed to provide legally sufficient reasons based on substantial evidence in the record for rejecting the opinion of Dr. Liewi, Plaintiff's treating physician.

### 2. Dr. Sashkin

On March 27, 2014, Plaintiff was evaluated by Dr. Sashkin, an examining physician, in connection with Plaintiff's veteran disability claim.[3] Tr. 419. Dr. Sashkin diagnosed Plaintiff with PTSD, persistent depression, and schizoaffective disorder (Tr. 420) and noted Plaintiff's mental-health symptoms "would cause some difficulty with concentration and memory but [Plaintiff] would be able to work in a setting

---

[3] Plaintiff only asserts the ALJ erred in the evaluation of Dr. Sashkin's medical opinion and does not assert any error regarding application of the VA's ultimate disability assessment.

with little contact with other people or supervision." Tr. 425.

As noted, sufficient reasons for rejecting an examining physician's opinion may include the physician's reliance on a claimant's discredited subjective complaints, inconsistency with the medical records, and inconsistency with a claimant's testimony. *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008).

Here the Commissioner contends the ALJ's opinion is supported by the record, which reflects Plaintiff was frequently cooperative with a good attitude, actively participated in group-therapy sessions, and had reported strengths of a "positive attitude" and "being helpful to others." Def.'s Br. at 8. Tr. 404. Moreover, at the hearing Plaintiff testified he did not have any problems socially and could "get along with almost anybody." Tr. 66.

The ALJ gave Dr. Sashkin's assessment "partial weight" on the ground that "there is nothing in the record to suggest that the [Plaintiff] has difficulty getting along with others, and Dr. Sashkin's statement regarding social limitations appears to be largely based on the [Plaintiff's] self-report of symptoms, which is not entirely consistent with the record as a whole." Tr. 26-27. Accordingly, the ALJ did not provide any

limitation in his assessment of Plaintiff's RFC regarding interactions with others.

On this record the Court concludes the ALJ did not err when she rejected the opinion of Dr. Shaskin because the ALJ provided legally sufficient reasons based on substantial evidence in the record for doing so.

## III. The ALJ gave germane reasons for discounting lay-witness testimony.

Plaintiff contends the ALJ erred when she failed to provide reasons that are germane to the lay-witness statements of Johannah Keeley and Katherine Mercurio, Plaintiff's friends, regarding Plaintiff's limitations.

### A. Standards

Lay-witness testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless she "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel,* 236 F.3d 503, 511 (9th Cir. 2001). The ALJ's reasons for rejecting lay-witness testimony must also be "specific." *Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1054 (9th Cir. 2006). Nevertheless, an ALJ is not required to address each lay-witness statement or testimony on an "individualized, witness-by-witness-basis."

Germane reasons for discrediting a lay-witness's testimony include inconsistency with the medical evidence and the fact that the testimony "generally repeat[s]" the properly discredited testimony of a claimant. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). *See also Williams v. Astrue*, 493 F. App'x 866 (9th Cir. 2012).

## B. Analysis

Keeley sees Plaintiff once a week. She states Plaintiff has severe anxiety that makes it difficult to leave the house, auditory hallucinations that make it difficult to concentrate or to learn new tasks, depression that interferes with activities, and a fear of crowds. Tr. 271-78.

Mercurio also recounts her observations of Plaintiff's deteriorating mental and physical health. She opined Plaintiff cannot be on his feet for more than an hour, cannot lift heavy objects, and is "unqualified and physically unable" to work. Tr. 326

The ALJ concluded the statements of both witnesses had "little probative value" on the grounds that neither witness "is medically trained to make exacting observations as to dates, frequencies, types and degrees of medical signs and symptoms, or of the frequency or intensity of unusual moods or mannerisms,"

and the accuracy of their testimony was "questionable" due to their relationship with the Plaintiff and in light of the medical evidence that conflicts with their testimony. Tr. 27-28.

On this record the Court concludes the ALJ gave "germane" reasons for discounting the lay-witness statements of both Keeley and Mercurio.

## IV. The ALJ erred at Step Two in her evaluation of Plaintiff's impairments.

Plaintiff contends the ALJ erred at Step Two by not accounting for all of Plaintiff's conditions in her assessment of Plaintiff's RFC.

### A. Standards

The inquiry for Step Two is a *de minimis* screening device to dispose of groundless claims. *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987)(Step Two inquiry intended to identify claimants whose medical impairments are so slight that it is unlikely they would be found disabled). *See also Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005)(Step Two impairment "may be found not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work."). Emphasis in original.

The claimant bears the burden to provide medical evidence to establish at Step Two that he has a severe impairment. 20 C.F.R. § 404.1512. An impairment or combination of impairments is "not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb*, 433 F.3d at 686. At Step Two the ALJ must consider the combined effect of all the claimant's impairments on his ability to function without regard to whether each alone is sufficiently severe. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir.2003). *See also Smolen v. Chater*, 80 F.3d 1273, 1289-90 (9th Cir.1996); 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. § 416.923.

If the ALJ determines a claimant is severely impaired at Step Two, the ALJ continues with the sequential analysis and considers all of the claimant's limitations. SSR 96-9p, available at 1996 WL 374184 (July 2, 1996). Step Two is "merely a threshold determination of whether the claimant is able to perform his past work." *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007). If an ALJ fails to consider limitations imposed by an impairment at Step Two but considers them at a later step in the sequential analysis, any error at Step Two is

harmless. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).
*See also Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).

### B. Analysis

The ALJ found Plaintiff has severe impairments of
compartment syndrome of his left forearm and bicuspid aortic
valve without aortic stenosis. Tr. 20. Based on these
impairments, the ALJ assessed Plaintiff's RFC as limited to
sedentary work with some exertional limitations. Tr. 23.

The ALJ, however, found there was not any objective
medical evidence to support Plaintiff's complaint that back pain
and migraines were more than transient or caused any significant
limitations. Tr. 21. The ALJ also found Plaintiff's "medically
determinable mental impairments" of schizoaffective disorder and
PTSD do not cause more than "minimal limitations" in Plaintiff's
ability to perform basic mental activities. Tr. 22.

As noted, however, the medical evidence supports
Dr. Liewi's assessment that Plaintiff would experience
substantial difficulty with stamina, pain, or fatigue if
employed full-time and that chronic pain would be a limiting
factor in Plaintiff's ability to work. Tr. 1231. The medical
evidence also supports Dr. Liewi's assessment that Plaintiff
would likely need to work at a reduced work pace, he would

"tolerate" only light exertion, and his schizoaffective disorder would contribute to his functional limitations.   Tr. 1231-32. In addition, the medical evidence supports Dr. Liewi's assessment that Plaintiff could stand, walk, and sit for approximately four hours in a normal workday, but he would need to change positions often due to chronic pain and would be absent from work four or more times per month due to his migraines.   Tr. 1233, 1235.

Because the ALJ failed to consider at Step Two any limitations noted by Dr. Liewi and did not consider them at a later step in the sequential analysis, the Court concludes the ALJ's error was not harmless.

**V.    The ALJ erred in her assessment of Plaintiff's RFC.**

Plaintiff contends the ALJ failed to incorporate all medical findings into Plaintiff's RFC and failed to comply with SSR 96-8p.

As noted, the Court has concluded the ALJ erred when she improperly discounted Dr. Liewi's medical opinion; failed to consider at Step Two or in her subsequent analysis the limitations that Dr. Liewi found based on Plaintiff's other conditions; and, therefore, the Court concludes the ALJ erred in her assessment of Plaintiff's RFC.

## **REMAND**

The Court must determine whether to remand this matter for further proceedings or to remand for the calculation of benefits.

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *Id.* at 1179. The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The court should grant an immediate award of benefits when

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits

if the case were remanded for further proceedings. *Id.* at 1178
n.2.

Here the ALJ erred when he failed to consider the opinion
of Dr. Liewi as to Plaintiff's limitations in light of
Plaintiff's schizoaffective disorder, PTSD, and migraines and
how those limitations would impact Plaintiff's RFC. The Court,
therefore, remands this matter to the ALJ for further
administrative proceedings for the purpose of considering
Dr. Liewi's opinion as to Plaintiff's limitations and
reevaluating Plaintiff's RFC.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the
Commissioner and **REMANDS** this matter pursuant to Sentence Four
of 28 U.S.C. § 405(g) for further proceedings consistent with
this Opinion and Order.

IT IS SO ORDERED.

DATED this 31st day of ~~February~~ January, 2019.

_____
ANNA J. BROWN
United States Senior District Judge